UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARLENA SZYMASZEK,

Plaintiff,

v.

SUBARU OF AMERICA, INC., *et al.*,

Defendants.

Case No. C05-1968RSL

ORDER GRANTING MOTION TO DISMISS CLAIMS FOR PUNITIVE DAMAGES AND ATTORNEY'S FEES

This matter comes before the Court on a motion filed by defendants to dismiss, or in the alternative to strike, plaintiff's claims for punitive damages and attorney's fees because they are not available under Washington law. (Dkt. #18). After defendants filed their motion, plaintiff agreed to strike her claim for attorney's fees. For the reasons set forth below, the Court grants the motion.[1]

## I. FACTS

Plaintiff, a Washington resident, was a passenger in a 2000 Subaru Legacy

---

[1] Because this matter can be decided on the memoranda, declarations, and exhibits submitted by the parties, the request for oral argument is DENIED.

ORDER GRANTING MOTION TO
DISMISS CLAIMS FOR PUNITIVE
DAMAGES AND ATTORNEY'S FEES - 1

Outback driven by her husband when the car was involved in a single vehicle rollover accident in Oregon. Plaintiff sustained severe injuries in the accident. Plaintiff asserts claims for strict products liability and negligence. She asserts that the vehicle was designed and manufactured in a defective manner and was unreasonably dangerous. In her Second Amended Complaint, plaintiff demands relief including "reasonable attorneys [sic] fees and costs and punitive damages as permitted by law." Second Amended Complaint at ¶ VII(2).

## II. DISCUSSION

**A.   Applicable Standards.**

In considering a 12(b)(6) motion for failure to state a claim upon which relief can be granted, the complaint should be liberally construed in favor of the plaintiff and its factual allegations taken as true. See, e.g., Oscar v. Univ. Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir. 1992). Dismissal is appropriate when plaintiff fails to present a cognizable legal theory, or when it appears beyond a doubt that plaintiff can prove no set of facts that would entitle him to relief. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

**B.   Analysis.**

Washington does not permit an award of punitive damages for the claims plaintiff alleges but Oregon does.[2] Defendants argue that Washington's law applies, while

---

[2] In Washington, punitive damages are not recoverable unless specifically authorized by statute. See, e.g., Spokane Truck & Dray Co. v. Hoefer, 2 Wn. 45 (1891); Dailey v. North Coast Life Ins. Co., 129 Wn.2d 572 (1996). The Washington Product Liability Act does not authorize recovery of punitive damages. In contrast, Oregon law provides for punitive damages pursuant to ORS 31.730 and ORS 30.925 regarding

ORDER GRANTING MOTION TO
DISMISS CLAIMS FOR PUNITIVE
DAMAGES AND ATTORNEY'S FEES - 2

plaintiff urges the Court to apply Oregon law.

Because this is a diversity action, the Court must "look to the laws of the forum state to resolve issues regarding conflict of laws." Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Washington has rejected the *lex loci delicti* choice of law rule that states that the law of the place of injury controls. Instead, Washington has adopted the "most significant relationship" test as set forth in the Restatement (Second) of Conflict of Laws § 145 (1971), to determine which state's law applies to a particular issue. See, e.g., Rice v. Dow Chemical Co., 124 Wn.2d 205, 210 (1994). The test states, "The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6." Id. at 213 (quoting the Restatement (Second) of Conflict of Laws § 145(1)). "Contacts to be taken into account in applying the principles of § 6 . . . include (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, (d) and the place where the relationship, if any, between the parties is centered." Restatement (Second) of Conflict of Laws § 145.[3] Although there is a presumption that

---

product liability actions.

[3] The principles in § 6 include:
    (a) the needs of the interstate and international system;
    (b) the relevant policies of the forum;
    (c) the relevant policies of other interested states and relative interests of those states in the determination of the particular issue;
    (d) the protection of justified expectations;
    (e) the basis policies underlying the particular field of law;
    (f) certainty, predictability and uniformity of results; and

ORDER GRANTING MOTION TO
DISMISS CLAIMS FOR PUNITIVE
DAMAGES AND ATTORNEY'S FEES - 3

1  the law of the place where the injured occurred applies in personal injury cases, "this

2  presumption is overcome if another state has a greater interest in the determination of a

3  particular issue." <u>Zenaida-Garcia v. Recovery Sys. Tech., Inc.</u>, 128 Wn. App. 256, 261-

4  62 (2005).  The comparison "involves an evaluation of the interests and public policies of

5  the concerned states, to determine which state has the greater interest in determination of

6  the particular issue."  <u>Id.</u> at 260-61.  Comment c to Section 146 notes,

7  
> In large part, the answer to [the choice of law] question will depend upon whether some other state has a greater interest in the determination of the particular issue than the state where the injury occurred.  The extent of the interest of each of the potentially interested states should be determined on the basis, among other things, of the purpose sought to be achieved by their relevant local law rules and of the particular issue [involved].

11  Some of the factors do not militate in favor of Washington or Oregon.  Defendant

12  Fuji Heavy Industries, Inc. ("Fuji") is a Japanese corporation.  Defendants Subaru of

13  Indiana and Subaru of America are wholly owned subsidiaries of Fuji.  Subaru of

14  America's primary place of business is in New Jersey.  Plaintiff alleges that the vehicle

15  was manufactured in Indiana.  Plaintiff purchased the vehicle in New Jersey.  The Court

16  also considers the justifiable expectations of the parties, and finds that because

17  defendants' products are presumably used by residents across the country, they could

18  expect to be sued in any state.  The record does not indicate plaintiff's expectations.

19  The only factor weighing in favor of applying Oregon law is that the accident

20  occurred there.[4]  That factor, however, becomes less significant in this case because the

---

(g) ease in determination and application of the law to be applied.

[4] Plaintiff notes that Indiana and New Jersey also provide for punitive damages. However, neither party urges the application of the laws of those states.  Also, the Court must apply the law of one state, not the average of the laws of the relevant states.

ORDER GRANTING MOTION TO
DISMISS CLAIMS FOR PUNITIVE
DAMAGES AND ATTORNEY'S FEES - 4

conduct *causing* the injury occurred elsewhere and the place of the injury was "merely fortuitous."  See Garcia v. General Motors Corp., 195 Ariz. App. 510, 517 (1999) (applying Arizona law to car accident that occurred while Arizona residents were passing through Idaho); Patten v. General Motors Corp., 699 F. Supp. 1500, 1505 (W.D. Ok. 1987) (applying Oklahoma law even though the car accident occurred in Colorado; plaintiff was an Oklahoma resident and owned the allegedly defective van in his home state).

Although plaintiff and her husband are Washington residents and the injury occurred in Oregon merely by chance, plaintiff relies heavily on Martin to argue that Oregon law should nevertheless apply.  In that case, a Washington court applied Washington law in part because plaintiff, an Oregon resident, was killed while riding in a car in Washington when she was hit by a piece of a tire from a passing truck.  Unlike the plaintiff in Martin, who had no prior relationship to the defective tire that caused her death, the plaintiff in this case possessed and used the defective vehicle in Washington well before the accident.  Martin v. Humbert Constr., Inc., 114 Wn. App. 823, 832 (2003) (explaining that courts are less likely to apply the law of the state where the accident occurred when the plaintiff had a "preexisting relationship" with the product in another state; citing cases applying law of plaintiffs' home states when they were injured during a multistate road trip).  The Martin court also noted that states are more likely to apply the law of the injury state "where a defendant's violation of the local tort laws or rules of the road is at issue;" those issues are not present in this case.  Furthermore, no Oregon resident was involved in the accident.

The Court also considers each state's interest in applying its law.  In Oregon, "punitive damages are justified as a deterrent to prevent the violation of societal

ORDER GRANTING MOTION TO
DISMISS CLAIMS FOR PUNITIVE
DAMAGES AND ATTORNEY'S FEES - 5

1  interests." See Stroud v. Denny's Restaurant, 271 Ore. 430, 437 (1975) (internal citation
2  omitted).  However, applying Oregon law in this case would not protect any in-state
3  party, deter an in-state defendant, or remedy any in-state tortious conduct.  Unlike
4  Oregon, Washington "has consistently disapproved of punitive damages as contrary to
5  public policy."  Dailey, 129 Wn.2d at 574 ("Punitive damages not only impose on the
6  defendant a penalty generally reserved for criminal sanctions, but also award the plaintiff
7  with a windfall beyond full compensation").  Although Washington does not have a
8  significant interest in protecting an out of state defendant from punishment, it has an
9  interest in preventing a windfall to an in-state plaintiff.
10       Based on the above factors, the Court finds that Washington has the most
11 significant relationship to the issue of punitive damages.  Because Washington does not
12 allow claims for punitive damages in these circumstances, plaintiff's claim for punitive
13 damages must be dismissed.

### III. CONCLUSION

15      For the foregoing reasons, the Court GRANTS defendants' motion to dismiss
16 plaintiff's claims for punitive damages and attorney's fees (Dkt. #18).

18      DATED this 30th day of May, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO
DISMISS CLAIMS FOR PUNITIVE
DAMAGES AND ATTORNEY'S FEES - 6